IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>          Plaintiffs,<br>vs.<br>ZACHARY AUSTIN<br>          Defendant. | 8:13CR105<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on the defendant's motion for compassionate release for sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Filing No. 402. Counsel for Defendant filed a brief and evidence in support. Filing Nos. 402, 403 and 408. The Court ordered the United States Probation Officer to review the Bureau of Prison records. Filing No. 431. The government filed a response to defendant's motion, Filing No. 442.

Defendant was indicted by a Grand Jury in Nevada in 2011. During that time period, he entered a plea of guilty to receiving child pornography in violation of 18 U.S.C. § 2252(b)(1). The Court sentenced him to 97 months and a lifetime of supervised release. Pending his self-surrender to the Bureau of Prisons, the defendant was indicted in Nebraska in March of 2013, for engaging in a child exploitation enterprise, in violation of 18 U.S.C. § 2252(a)(g); conspiracy to advertise child pornography, in violation of 18 U.S.C. § 2251(d)(1)(e); conspiracy to distribute child pornography, in violation of 18 U.S.C. § 2252A(a)(2) & (b)(1). In 2014 he plead guilty to Count III of the indictment in Nebraska. This charge carried a 15-year mandatory minimum sentence. His sentencing range was 262-327 months. The Court gave him a 192-month term to be served

1

concurrently with his Nevada sentence. His projected release date from the Bureau of Prisons for his Nebraska case is June 7, 2028.

Defendant did not file a direct appeal, as per his plea agreement, nor did he file a petition pursuant to 28 U.S.C. § 2255. He filed this motion for compassionate release with approximately seven years left on his custodial sentence. The probation investigation officer recommended against compassionate release. A review of his medical records showed that defendant is listed at the lowest medical inmate rating, Care Level 1.

**DISCUSSION**

The First Step Act amended numerous provisions of the U.S. Code to promote rehabilitation of prisoners and unwind decades of mass incarceration. Cong. Research Serv., R45558, The First Step Act of 2018: An Overview 1 (2019). Congress designed the provision at issue here, 18 U.S.C. § 3582(c)(1)(A), for "Increasing the Use and Transparency of Compassionate Release." § 603(b), 132 Stat. at 5239. Section 3582(c)(1)(A) allows defendants, for the first time, to petition district courts directly for compassionate release. *Id.* Compassionate release provides a path for defendants with "extraordinary and compelling reasons" to leave prison early. § 3582(c)(1)(A)(i). Such a sentence reduction must comply with the 18 U.S.C. § 3553(a) factors and "applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A).

Pursuant to § 3582(c)(1)(A), a defendant may (after exhausting his or her administrative remedies) move for reduction of his or her term of imprisonment based upon "extraordinary and compelling reasons." The Court, after considering the factors

2

enumerated in 18 U.S.C. § 3553(a)[1], may grant the motion if extraordinary and compelling reasons warrant the reduction, and such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. Accordingly, an initial review of the defendant's claim will involve these inquiries:

1. Has the defendant exhausted administrative remedies?

2. Has the defendant identified extraordinary and compelling reasons for reducing his or her term of imprisonment?

3. Would application of the § 3553(a) factors permit reducing the defendant's sentence if those extraordinary and compelling reasons were substantiated?

4. Has the Court ensured that any reduction is consistent with applicable policy statements.

18 U.S.C. § 3582(c)(1)(A).

### A. Exhaustion

The Court finds that the defendant has met the exhaustion requirement. *See United States v. Brown*, 457 F. Supp. 3d 691 (S.D. Iowa 2020). He submitted a request for compassionate release to the warden on April 26, 2021. A hand-written copy of what

---

[1] The statute states: (1) in any case--
(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
(i) extraordinary and compelling reasons warrant such a reduction; . . .
***** and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.
18 U.S.C. § 3582(c)(1)(A).

he wrote to the warden is submitted with this brief. Well over 30 days have passed since Austin's submission and the warden has not responded. Austin has therefore exhausted his administrative remedies. Accordingly, the Court finds the exhaustion requirement has been met.

### B. Medical Vulnerability

COVID-19 is clearly a global pandemic that presents extraordinary and compelling release for certain prisoners. It is unprecedented. COVID-19 appears to pose a particular risk for individuals with certain existing health conditions. These include a compromised immune system, obesity, heart disease, hypertension, chronic lung disease, diabetes mellitus, and asthma. Groups at Higher Risk for Severe Illness, Ctrs. for Disease Control & Prevention (April 17, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html. The Bureau of Prisons lists the following health related issues, as of June 23, 2022: Myopia, low back pain, lumbago, congenital malformation of urinary system, unspecified, Major depressive disorder, recurrent, Essential (primary) hypertension, Astigmatism, Hypothyroidism, Abnormal finding of blood chemistry, unspecified, Proteinuria, unspecified, Body mass index (BMI) 29.0-29.9, adult, Abnormal finding of blood chemistry, unspecified, Seborrheic dermatitis, unspecified. There is reference to chronic kidney disease, stage 3A, in medical records from December 21, 2020, and again in records from 03/16/2021. The most recent health documents, from June 23, 2022, list a variety of medical issues, but does not reference the chronic kidney disease. Medication records show that Mr. Austin has been prescribed Acetaminophen 325 mg (daily), Amitriptyline 75 mg (daily), Fluoxetine HCl 20 mg (up to 3 pills daily), Gabapentin

1200 mg (daily), Levothyroxine Sodium 25 mg (daily), Lisinopril 20 mg (twice daily), Rosuvastatin Calcium 5 mg (daily).

Mr. Austin is currently in custody at the Federal Correctional Institution Lompoc, a low security correctional facility.  According to the https://www.bop.gov/coronavirus/ as of September 6, 2022, Lompoc is classified a Level 2 facility.  Facilities in this category fall under the following: medical isolation rate 2% to less than 7%, or facility vaccination rate of 50% to less than 65%, or community transmission rate is more than or equal to 100 and less than 200 per 100,000 over the last 7 days.  Inmates in Level 2 facilities are always required to socially distance and wear face coverings in indoor environments.  He has completed courses in portrait drawing, leather work, pencil drawing, and AIDS awareness.

The Court finds that defendant's physical and medical vulnerability to COVID-19 is not extraordinary nor a compelling reason for a change in defendant's sentence.[2]  *See* e.g., U.S.S.G. § 1B1.13 comment. n.1(A)-(C).  He does appear to have a kidney issue, but he is not high risk for COVID.  He has already had COVID, in fact, and has recovered from the same.  In addition, he received a COVID vaccine in January of 2022.  He also suffers from major depressive disorder for which he is medicated.   The Court finds the defendant is not a high medical risk and his risks are not extraordinary or compelling.

---

[2] *See* Defendant's medical records at Filing No. 441.  He has stage 3a kidney disease, high blood pressure, degenerative disk disease, major depressive disorder, a high BMI, and a recent diagnosis of hypothyroidism.  He has a congenitally malformed and atrophic left kidney.  He contracted COVID-19 in May of 2020.  More than one year later, Austin contends his energy levels have yet to rebound.

### C. Section 3553(a) Factors

Finally, the Court must consider if compassionate release comports with any Applicable § 3553(a) factors. *See also* § 3582(c)(1)(A); U.S.S.G. § 1B1.13 ((1)(A) Extraordinary and compelling reasons warrant the reduction; or (B) The defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned; (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and (3) The reduction is consistent with this policy statement.) The Court finds that defendant is not likely a pedophile, consistent with the only submitted mental evaluation, and consistent with the Court's experience in similar cases. He does not appear to be a direct physical danger to children. However, he was indicted for two significant crimes involving child pornography for which he is bound to serve a total of slightly over 16 years, less Good Time. Congress mandated a 15 year minimum sentence for second offense distribution of child pornography, he is sentence to 16 years. The Court finds that he likewise does not meet the factors set forth in 18 U.S.C. § 3553(a).

The defendant does not qualify for a reduction of his sentence under any of the enumerated factors under U.S.S.G. § 1B1.13. He is not suffering from a serious and advanced illness with an end-of-life trajectory. He is not 70 years of age. He does not have a cancer diagnosis, advanced dementia, ALS, or end-stage organ disease. Although he does show a GFR suggesting a kidney disease, there is nothing in his medical records to suggest that it currently causes him any significant issues. Nor does defendant claim any family circumstances that would entitle him to a reduction in his

sentence. The reduction is not consistent with the policy statements. He is a danger to the safety of young children, as stated herein.

In 2021 he was sanctioned with an incident regarding disposing of evidence instead of a search and received segregation, loss of phone and commissary privileges, visiting privileges and much of his good time credit. In 2018, he possessed an unauthorized item and lost his phone and visitation privileges. In 2017, he was found to be with an unauthorized item and lost his privileges. He was also sanctioned for incidents in 2017, 2016 and 2015 for giving money without authority, being unsanitary, and possession of unauthorized items.

Defendant wishes to live with his Mom in Reno, Nevada. This relocation was previously approved by the District of Nevada on September 2, 2022.[3]

The Court finds that defendant is not entitled to release under the § 3553 factors or under §1B1.13. He poses an indirect danger to young children; he does not have significant medical issues so as to permit release; he was involved in several disciplinary issues while incarcerated, albeit minor in most instances; and he has had COVID and has also received a COVID vaccine.

THEREFORE, IT IS ORDERED THAT defendant's motion for compassionate relief, Filing No. 402, is denied.

Dated this 14th day of February 2023.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge

---

[3] Mr. Austin's request for transfer of supervision to Nevada was granted by Erik Flocchini, Supervisory United States Probation Officer in Nevada. Filing No. 450, Ex. 6.